IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: | ) | Case No. BK 22-40480-BSK |
| | ) | |
| WESLEY HOWARD HITCHCOCK, | ) | |
| | ) | |
| Debtor. | ) | Chapter 12 |
| _____ | ) | _____ |
| | ) | |
| WESLEY HOWARD HITCHCOCK, | ) | Adv. Pro. 22-4021 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GORDON & SHIRLEY HITCHCOCK, | ) | Adv. Pro. 22-4023 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN MORTGAGE COMPANY, | ) | |
| a division of FIRST STATE BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**Order on Motion to Compel**

THIS MATTER is before the court on motions to compel filed by plaintiffs in two separate adversary proceedings (AP 22-4021, Doc. #44; AP 22-4023, Doc. #39). J.P. Sam King appeared for the plaintiff in AP22-4021. Richard P. Garden, Jr. appeared for the plaintiffs in AP22-4023. Bradley Holbrook appeared for the defendant American Mortgage Company ("AMC") in both proceedings.

The plaintiffs seek to compel AMC to produce documents for which AMC claimed a bank examination privilege, specifically Reports of Examination prepared in 2019 and in 2022 by the Federal Deposit Insurance Corporation ("FDIC"). The court ordered AMC to file the reports for *in-camera* review. Shortly after the order was entered, the FDIC filed letters to "assist the Court in applying the bank examination privilege". The letters also referenced the FDIC's *Touhy* regulations with which the FDIC asserts the parties must comply to obtain disclosure of exempt supervisory records. The court vacated the order for *in camera* review to consider the issues raised. Because the requested documents are in the possession, custody, and control of AMC and because the discovery requests do not impact sovereign immunity, the plaintiffs may seek the reports from AMC through the Federal Rules of Discovery

instead of from the FDIC through a *Touhy* request. The court will consider any applicable privileges regarding the reports following *in camera* review.

The FDIC asks the court to find the bank examination applies to the reports. The bank examination privilege is a qualified privilege protecting communications between banks and their examiners to preserve absolute candor which is essential to the effective supervision of banks. *See In re Bankers Trust Co.*, 61 F.3d 465, 471 (6th Cir.1995). The privilege protects deliberative processes and opinions but not purely factual material. *See In re Subpoena Served Upon Comptroller of Currency*, 967 F.2d 630, 634 (D.C. Cir. 1992). But to determine whether the privilege applies, the court must balance the competing interests, which often requires *in camera* review. *Id; see also Banker's Trust*, 61 F.3d at 471–72 (listing non-exclusive factors to consider in balancing the competing interests). The court declines the request to apply the privilege without first reviewing the documents.

The FDIC also asserts the plaintiffs must seek the reports directly from the FDIC and cannot seek them through discovery to AMC. The FDIC promulgated housekeeping or *Touhy* regulations governing disclosure of documents otherwise exempt from public disclosure requirements. *See* 12 C.F.R. § 309. *Touhy* regulations create methods to obtain documents but do not create a separate privilege.

> The United States Supreme Court has specifically recognized the authority of administrators of federal agencies to restrict subordinates from participating in judicial proceedings, and that the subordinates cannot be held in contempt for failing to comply with a validly promulgated regulation implementing those restrictions. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S. Ct. 416, 95 L. Ed. 417 (1951).

*Dent v. Packerland Packing Co.*, 144 F.R.D. 675, 678 (D. Neb. 1992).

The plaintiffs assert they can obtain the reports from AMC under the Federal Rules of Civil Procedure without a *Touhy* request to the FDIC. Rule 34 allows a party to litigation to serve a request to produce relevant documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34. In this case AMC possesses the reports. The FDIC counters that its regulations state that exempt records remain the property of the FDIC even if they are in the possession, custody, or control of a third party. 12 C.F.R. § 309.6. But "legal ownership is not determinative of whether a party has custody, possession, or control of a document for the purposes of Rule 34". *Ice Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513, 517 (D. Kan. 2007). The FDIC's *Touhy* regulations also prohibit third parties from disclosing FDIC exempt records without the express authority of the FDIC. *Id*. The FDIC asserts its *Touhy* regulations do not impair discovery under the Federal Rules, but rather provide the exclusive procedure for private litigants to request access to confidential information.

The FDIC notes the Eighth Circuit Court of Appeals has upheld *Touhy* regulations. *See Elnashar v. Speedway SuperAmerica*, LLC, 484 F.3d 1046 (8th Cir. 2007) (denying motion to compel the Department of Justice to disclose confidential FBI informant information). But *Elnashar* involved a subpoena seeking records directly from the Department of Justice. *Elnashar* falls squarely under the framework of the facts before the United States Supreme Court in *Touhy*. *See U.S. ex rel. Touhy v. Ragen,* 340 U.S. 462, 464 (1951) (involving inmate who served a subpoena duces tecum on the Federal Bureau of Investigation).

The narrow issue in this case is how to harmonize a federal agency's *Touhy* regulations with the Federal Rules of Civil Procedure where documents are sought from an opposing litigant and not subpoenaed or requested from the federal agency. There is no controlling authority on this issue from the Eighth Circuit Court of Appeals or any Nebraska federal district court. Other federal courts are split on the issue.

> Setting aside the details of the doctrinal disputes that underlie the various Circuits' positions, the practical effect of the disagreement is that the Second, Fourth and Tenth Circuits as a general rule give primacy to agencies' *Touhy* regulations over the Federal Rules of Civil Procedure when the two conflict, requiring litigants to exhaust their administrative remedies before moving to compel production from a governmental agency, while the D.C., Ninth, and Sixth Circuits generally give primacy to the Federal Rules over conflicting *Touhy* regulations.

*Wultz v. Bank of China Ltd.*, 61 F. Supp. 3d 272, 279 (S.D.N.Y. 2013).

The FDIC asserts courts routinely require parties to comply with *Touhy* regulations. It string cites several cases as the weight of authority. But most of the cases cited involve a subpoena served directly on a federal agency. *See, e.g. Reifsteck v. Paco Building Supply Co.*, 410 F. Supp. 2d 848 (E.D. Mo. 2006) (subpoena to EEOC mediator); *Liptak v. Ramsey County*, 2016 WL 5662082 (D. Minn. Aug. 24, 2016) (quashing subpoena to state agency in possession of federal Department of Health records because the collecting state employee was an employee of the federal agency during the course of her investigation). Many of the cited cases simply accepted the agency's position without considering the interplay of *Touhy* and the Federal Rules. *See Lutzeier v. Citigroup Inc.*, 2015 WL 7306443 (E.D. Mo. Nov. 19, 2015); *Bay Bank v. F/V Order of Magnitude*, 2007 WL 737344 (W.D. Wash. Mar. 7, 2007); *see also, W Holding Co. v. Chartis Ins. Co. of Puerto Rico*, 2013 WL 6001087 (D.P.R. Nov. 12, 2013) (quashing subpoena to a non-party bank and requiring the plaintiffs obtain documents from the FDIC, which was a party to the litigation, rather than imposing an undue burden on the non-party bank). Other cases are from those circuits that give primacy to *Touhy* regulations. *See National Union Fire Ins. Co. of Pittsburgh, Pa. v. Midland Bancor, Inc.*, 159 F.R.D. 562 (D. Kan. 1994).

All parties cite cases that support their position, which is not remarkable given the split of authority. They spend little to no time discussing the underlying foundation for *Touhy* regulations, which is sovereign immunity.

> [I]t is sovereign immunity, not housekeeping regulations, that gives rise to the Government's power to refuse compliance with a subpoena. As we have acknowledged, "subpoena proceedings fall within the protection of sovereign immunity even though they are technically against the federal employee and not against the sovereign,"; thus, in the context of an agency's response to a third-party subpoena, "the proper method for judicial review of the agency's final decision pursuant to its regulations is through the Administrative Procedure Act.

*COMSAT Corp. v. National Sci. Found.*, 190 F.3d 269, 277 (4th Cir. 1999) (citations omitted); *see also Coleman v. Espy*, 986 F.2d 1184 (8th Cir. 1993) ("A suit against the sovereign is one where the judgment sought would expend the public treasury, restrain the government from acting, or compel it to act."); *Houston Bus. Journal, Inc. v. Office of Comptroller of Currency*, 86 F.3d 1208 (D.C. Cir. 1996) (taking a more expansive position, holding "In federal court, the federal government has waived its sovereign immunity*, see* 5 U.S.C. § 702, and neither the Federal Housekeeping Statute nor the *Touhy* decision authorizes a federal agency to withhold documents from a federal court.").

In this case sovereign immunity is not implicated. The plaintiffs do not seek to compel the government to act. It compels AMC to act.

> [Bank of China ("BOC")] is not covered by the OCC's sovereign immunity, nor may the OCC extend the shelter of its immunity to the BOC through regulations promulgated under a statute intended to deal with internal housekeeping matters. When a federal court, after duly considering the bank examination privilege, orders a bank to produce non-public OCC information under the bank's control, the sovereign is not "compelled to act," nor is there any risk of the federal government being turned into a "speakers' bureau for private litigants."

*Wultz v. Bank of China Ltd.*, 61 F. Supp. 3d 272, 285–86 (S.D.N.Y. 2013). The FDIC may choose to act to assert its bank examination privilege, but the court does not and will not compel it to do so.

Because sovereign immunity is not implicated, the plaintiffs may seek the reports from AMC under the Federal Rules of Civil Procedure without making a *Touhy* request to the FDIC.

IT IS THEREFORE ORDERED:

1. Within fourteen (14) days of the date of this order, AMC must provide the court, under seal, without redactions, for *in camera* review, any documents concerning

   the debtor, the plaintiffs, or loans to the debtor, or collateral pledged by the plaintiffs, in its possession, custody, or control, for which a bank examination privilege was asserted, including the 2019 and 2022 Reports of Examination prepared by the FDIC. AMC must submit the documents as a single secure document on the CM/ECF System.

2. Within twenty-one (21) days of the date of this order, the FDIC may propose redactions on the basis of any applicable privilege, including the bank examination privilege, or because the information is irrelevant or otherwise protected (such as information concerning other borrowers). The FDIC may file its proposed redactions, and any information it believes will assist the court in balancing the competing interests, under seal, in a secure document, on the CM/ECF System. The court will determine whether additional hearings are necessary after *in camera* review.

3. The parties may meet and confer as to the terms of a protective order and, within twenty-one (21) days of the date of this order, submit a proposed protective order. If the parties desire a protective order, but cannot agree on its terms, they may inform the courtroom department and the matter will be set for further hearing.

   Dated: September 20, 2023

   BY THE COURT:

   /s/ Brian S. Kruse
   Brian S. Kruse
   Bankruptcy Judge